*Wittie, David*

*Wittie, D 3*

# NEW CASES TO BE ASSIGNED

☒ Ready for Assignment
☐ Answer Due:
   if federal court, date waiver was sent _____ (allows 60 days to answer)
☒ Stamped from Administration
☒ Letter asking for representation
☐ No letter asking for representation
☐ Important Note:  see highlighted portion of letter
☐ Attorney requested:
☒ Discovery attached: P'S RFP, ROG + RFA
☐ Agency has NOT been served
☐ Individual(s) have NOT been served
☐ Improper service
☐ Possibly a "Do Not Need To Be Involved" Letter

Client Agency Assigned:
NOTES:

## CASE TYPE

| Type | Type | Type |
|---|---|---|
| 1st Amendment retaliation | Discr - age | *Miscellaneous** |
| 14th Amendment (due process/ liberty interest) | Discr.. - handicap | Open Mtgs/Rec viol. |
| 3rd Party Discovery | Discr. - religion | Slander/libel |
| Age Discr. In Employment Act | Discr. - race | Suit against a Judge |
| Americans w/ Disabilities Act | Discr. - sex | Termination-employees |
| Amicus Curiae | Dismissal-students | Termination-faculty |
| Attorney Fees | Election Violation | Termination-retaliatory |
| Contract | False Claims Act (GLFCA) | *Termination** |
| Declaratory Judgment | Fair Labors Standards Act | *To Be Determined** |
| Def/statutes, constitution | Frivolous Suit - Ch. 105 | Tx Comm'n Human Rights Act (Lab. Code ch 21) |
| Def/agency policy, procedures, rules, etc | Mandamus | Whistleblower (Gov't Code 554) |

*try to avoid using these case types

**Style of case:** David Wittie v. University of Texas at Austin and Frederick Steiner, in his official capacity as Dean of the School of Architecture

**Court:** 353rd Judicial District; Travis Co

**Cause Number:** D1GN10002584

**Client Agency1:** University of Texas System

**Client Agency2:**

**Client Agency3:**

**Against OAG:** No

**What was received:** Citation; Plaintiff's Original Petition; Affidavit of Inability to Afford Court Costs and IOLTA Certificate; Plaintiff's 1st Request for Production,

**Date Received:** 8/6/2010

**Date routed:** 8/6/2010

**Forwarding Entity:** Client agency

**Division assigned1:** General Litigation Division

**Division assigned2:**

**Type of Case:** Americans with Disabilities Act

**Issues:** Plaintiff, a person with a physical disability requiring the use of a wheelchair, alleges he was denied his right to access the student exhibit on display in the patio of Goldsmith Hall in July 2009, in violation of the Texas Architectural Barriers Act (TABA), Tex. Gov't. Code Ann. §469(Vernon 2009); Title II of the American with Disabilities Act, 42 U.S.C. §§ 12131-12134 (ADA); and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Section 504). Further seeking injunctive and declaratory relief from illegal barriers that prevent access for persons with mobility disabilities to the patio in Goldsmith Hall.

☐ Hold   ☑ Forward

**David S. Morales**
**Deputy Attorney General for Civil Litigation**

RECEIVED

AUG 0 9 2010

OFFICE OF THE ATTORNEY
GENERAL LITIGATION DIVISION



# ATTORNEY GENERAL OF TEXAS
## GREG ABBOTT

August 6, 2010

RUTH R. HUGHS
DIRECTOR OF DEFENSE LITIGATION
DIRECT DIAL: (512) 936-2986

Ms. Esther L. Hajdar
The University of Texas System
201 West Seventh Street
Austin, Texas 78701-2981

Re:    *David Wittie v. University of Texas at Austin and Frederick Steiner, in his official*
       *capacity as Dean of the School of Architecture;* Cause No. D-1-GN-10-002584

Dear Ms. Hajdar:

We are in receipt of your letter dated August 6, 2010, requesting representation on behalf of the University of Texas at Austin, in the above-referenced matter. Please be advised that this matter has been referred to the General Litigation Division of the Office of the Attorney General. You should be hearing from them soon.

Please feel free to contact me if you have any questions regarding this matter.

Sincerely,

Ruth R. Hughs
Director of Defense Litigation

RRH/mh

cc:    Robert B. O'Keefe, Chief, General Litigation Division



# THE UNIVERSITY OF TEXAS SYSTEM
*Office of General Counsel*

201 WEST SEVENTH STREET    AUSTIN, TEXAS 78701-2981

TELEPHONE (512) 499-4462

FAX (512) 499-4523

*Esther L. Hajdar*
Attorney

VIA EMAIL
(lisa.ried@oag.state.tx.us/melissa.head@oag.state.tx.us)

August 6, 2010

Ms. Ruth R. Hughs
Director of Defense Litigation
Office of the Attorney General
Price Daniel Building
209 W. 14th Street, 8th Floor
Austin, Texas 78701

RE:    Cause No. D-1-GN-10-002584; *David Wittie vs. University of Texas at Austin and Frederick Steiner, in His Official Capacity as Dean of the School of Architecture;* In the 353rd Judicial District Court of Travis County, Texas.

Dear Ms. Hughs:

Enclosed please find Citation; Plaintiff's Original Petition; Affidavit of Inability to Afford Court Costs; IOLTA Certificate and Plaintiff's First Requests for Production, Interrogatories and Requests for Admissions to Defendant which were served separately on August 4, 2010 on President Powers and on Dean Steiner. The answer date appears to be **August 30, 2010.**

Plaintiff alleges the School of Architecture and UT Austin failed to provide wheelchair access to visit a public exhibit in Goldsmith Hall at the School of Architecture in July of 2009.

Please assign an assistant attorney general to defend this lawsuit on behalf of the University of Texas at Austin.

ACADEMIC INSTITUTIONS: The University of Texas at Arlington • The University of Texas at Austin • The University of Texas at Brownsville • The University of Texas at Dallas • The University of Texas at El Paso
The University of Texas - Pan American • The University of Texas of the Permian Basin • The University of Texas at San Antonio • The University of Texas at Tyler
HEALTH INSTITUTIONS: The University of Texas Southwestern Medical Center at Dallas • The University of Texas Medical Branch at Galveston • The University of Texas Health Science Center at Houston
The University of Texas Health Science Center at San Antonio • The University of Texas M. D. Anderson Cancer Center • The University of Texas Health Science Center at Tyler

August 6, 2010
Page 2

I have been assigned Office of General Counsel responsibility for this matter, and am available for any assistance that would be of benefit to the Assistant Attorney General assigned our defense.

Sincerely,

Esther L. Hajdar

ELH:blw

Enclosures

xcs:   Dr. David Prior
       Susan Bradshaw

**Style of case:** David Wittie v. University of Texas at Austin and Frederick Steiner, in his official capacity as Dean of the School of Architecture

**Court:** 353rd Judicial District; Travis Co

**Cause Number:** D1GN10002584

**Client Agency1:** University of Texas System

**Client Agency2:**

**Client Agency3:**

**Against OAG:** No

**What was received:** Citation; Plaintiff's Original Petition; Affidavit of Inability to Afford Court Costs and IOLTA Certificate; Plaintiff's 1st Request for Production,

**Date Received:** 8/6/2010

**Date routed:** 8/6/2010

**Forwarding Entity:** Client agency

**Division assigned1:** General Litigation Division

**Division assigned2:**

**Type of Case:** Americans with Disabilities Act

**Issues:** Plaintiff, a person with a physical disability requiring the use of a wheelchair, alleges he was denied his right to access the student exhibit on display in the patio of Goldsmith Hall in July 2009, in violation of the Texas Architectural Barriers Act (TABA), Tex. Gov't. Code Ann. §469(Vernon 2009); Title II of the American with Disabilities Act, 42 U.S.C. §§ 12131-12134 (ADA); and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Section 504). Further seeking injunctive and declaratory relief from illegal barriers that prevent access for persons with mobility disabilities to the patio in Goldsmith Hall.

☐ **Hold**  ☐ **Forward**

---

**David S. Morales**
**Deputy Attorney General for Civil**
**Litigation**

**Melissa Head - Request for Representation: Cause No. D-1-GN-10-002584; David Wittie vs.
UTAUS**

| | |
|---|---|
| **From:** | "Withers, Brandi" <bwithers@utsystem.edu> |
| **To:** | 'Lisa Ried' <Lisa.Ried@oag.state.tx.us>, "'melissa.head@oag.state.tx.us'... |
| **Date:** | 8/6/2010 10:55 AM |
| **Subject:** | Request for Representation: Cause No. D-1-GN-10-002584; David Wittie vs. UTAUS |
| **CC:** | "Revisore, Suzanne" <SRevisore@utsystem.edu>, "'Bradshaw, Susan'" <sbrad... |
| **Attachments:** | 4491_001.pdf; PCO to BDB re Wittie v UT lawsuit.pdf; Wittie v UT lawsuit from WP.pdf; Wittie v Steiner UT Sch of Arc.pdf |

Enclosed please find our request for representation regarding the above-referenced litigation matter.



**BRANDI WITHERS**
Legal Administrative Assistant
The University of Texas System
Office of General Counsel
201 West 7th Street, Austin, Texas 78701
Ph: (512) 499-4507   Fax: (512) 499-4523

The documents attached in this email are Office 2007.  A link to download Microsoft's conversion software is provided below.
http://www.microsoft.com/downloads/details.aspx?FamilyId=941b3470-3ae9-4aee-8f43-c6bb74cd1466&displaylang=en

**From:** ikon@utsystem.edu [mailto:ikon@utsystem.edu]
**Sent:** Friday, August 06, 2010 10:52 AM
**To:** Withers, Brandi
**Subject:** Attached Image



OFFICE OF THE VICE PRESIDENT FOR LEGAL AFFAIRS

THE UNIVERSITY OF TEXAS AT AUSTIN

*Post Office Box R · Austin, Texas 78713-8918*
*MAI 102 (G4800) · (512) 471-1241 · FAX (512) 471-1255*

August 5, 2010

PRIVILEGED AND CONFIDENTIAL ATTORNEY COMMUNICATION

Mr. Barry D. Burgdorf
Vice Chancellor & General Counsel
The University of Texas System
Office of General Counsel
ASH 6th Floor (P1500)

Re:   Cause No. D-1-GN-10-002584; *David Wittie vs. University of Texas at Austin
      and Frederick Steiner, in His Official Capacity as Dean of the School of
      Architecture*; 353rd Judicial District Court of Travis County, Texas

Dear Barry:

Enclosed are two sets of duplicate documents each containing *Citation;
Plaintiff's Original Petition; Affidavit of Inability to Afford Court Costs and IOLTA
Certificate*; and *Plaintiff's First Requests for Production, Interrogatories and Requests
for Admissions to Defendant University of Texas at Austin* in reference to the subject
lawsuit. They were served separately on August 4, 2010 on President Powers and on
Dean Steiner.

The lawsuit was filed by Mr. David Wittie who alleges the School of
Architecture and UT Austin failed to provide wheelchair access to visit a public exhibit
in Goldsmith Hall at the School of Architecture in July of 2009. The *Petition* claims
that Mr. Wittie visited Goldsmith Hall again on July 2, 2010 to determine whether or
not any improvements had been made to accommodate visitors with disabilities and
discovered that the patio area still was inaccessible by wheelchair, and a separate
courtyard also has wheelchair accessibility limitations.

Please arrange for representation by the Office of the Attorney General. Susan
Bradshaw is the campus attorney on this case and we would appreciate the assignment
of an attorney in your office also.

Please let me know if I can provide additional information.

With thanks and best wishes, I am

Mr. Barry D. Burgdorf
August 5, 2010
Page 2

Sincerely yours,

Patricia C. Ohlendorf
Vice President for Legal Affairs

PCO/dh

Enclosures

cc:   Mr. William Powers, Jr., President, UT Austin
      Dr. Frederick R. Steiner, Dean, School of Architecture
      Ms. Susan O. Bradshaw, Associate Vice President, Legal Affairs, w/enclosures
      Ms. Helen Bright, Managing Attorney, Office of General Counsel, w/enclosures

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-10-002584**

PRESIDENT'S OFFICE
U. T. AUSTIN
21655
REC'D      AUG 0 4 2010
REFER TO
HANDLE
COMMENT & RETURN        Patti Ohlendorf
FILE OR DISCARD          Plaintiff

DAVID WITTIE

vs.

UNIVERISTY OF TEXAS AT AUSTIN AND FREDERICK STEINDER, IN HIS OFFICIAL CAPACITY
AS DEAN OF THE SCHOOL OF ARCHITECTURE

Defendant

Vice President &
Legal Affairs
RECEIVED

TO:   UNIVERSITY OF TEXAS AT AUSTIN
      DELIVERY TO ITS PRESIDENT, WILLIAM POWERS JR.
      UNIVERSITY OF TEXAS AT AUSTIN - OFFICE OF THE PRESIDENT
      MAIN BUILDING 400
      AUSTIN, TEXAS 78713

AUG - 4 2010

Refer to _____

Handle _____

Defendant, in the above styled and numbered cause:

Comment & Return

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on JULY 26, 2010 in the 353RD JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, July 27, 2010.

REQUESTED BY:
JOSEPH PACIFICO BERRA
1405 MONTOPOLIS DR.
AUSTIN, TX 78741-0726
BUSINESS PHONE:(512)474-5073 ext 113
FAX:(512)474-0726

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

-- -- -- -- -- -- -- -- -- -- R E T U R N -- -- -- -- -- -- -- -- -- --

Came to hand on the _____ day of _____, 20___ at _____ o'clock ____M., and executed at
_____ within the county of _____ on the
_____ day of _____, at _____ o'clock ____M., by delivering to the within named
_____, each in
person, a true copy of this _____ together with the EFILE MANDATE NOTICE accompanying pleading, having first
attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of
delivery.

Service Fee: $ _____

Bruce Elfant
Constable Prct 5, Travis County, Texas
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By: _____

_____ day of _____, _____.

_____
Printed Name of Server

_____ County, Texas

Notary Public, THE STATE OF TEXAS

D-1-GN-10-002584                    CONSTABLE (PAUPERS)                    P01 - 02039

☐ Original   ☐ Service Copy

Filed
10 July 26 P3:02
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GN-10-002584

No. _____

| | | |
|---|---|---|
| DAVID WITTIE, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| v. | § | |
| | § | |
| UNIVERSITY OF TEXAS AT AUSTIN, | § | OF TRAVIS COUNTY, TEXAS |
| and FREDERICK STEINER, in his official | § | |
| capacity as DEAN OF THE SCHOOL OF | § | |
| ARCHITECTURE, | § | |
| Defendants | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff David Wittie respectfully brings this action against Defendants for failing to integrate individuals with disabilities into their programming and failing to provide full access to their facilities, as required by federal and state law.

Mr. Wittie, a person with a physical disability requiring the use of a wheelchair, has a longstanding interest in architecture and the use of space. He was very excited to learn of a student exhibit at the University of Texas School of Architecture (UTSOA), located in Goldsmith Hall, centered on this theme. The exhibit was open for viewing to the general public. Mr. Wittie made a trip to see the exhibit in July of 2009 only to find out that the portion of the exhibit that he was the most interested in was inaccessible to him due to his use of a wheelchair.

### DISCOVERY

1. Discovery will be conducted under Level 2 as per Rule 190 of the Texas Rules of Civil Procedure.

### STATEMENT OF CLAIMS

2. David Wittie, a person with a physical disability requiring the use a wheelchair, was denied his right to access the student exhibit on display in the patio of Goldsmith Hall in violation of: the Texas Architectural Barriers Act (TABA), TEX. GOV'T. CODE ANN. §469 (Vernon 2009);

Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134 (ADA); and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Section 504). Accordingly, Plaintiff brings this lawsuit seeking injunctive and declaratory relief from illegal barriers that prevent access for persons with mobility disabilities to the patio in Goldsmith Hall.

JURISDICTION AND VENUE

3.   This action is brought pursuant to TABA, the ADA and Section 504. The Court has jurisdiction over Defendants because Defendants are located in Travis County.

4.   Venue is proper in this Court because the events complained of occurred in Travis County.

PARTIES

5.   Plaintiff David Wittie is a resident of Austin, Texas. He uses a wheelchair for mobility, and has a "disability" within the meaning of §497.002 of TABA. Plaintiff also meets the definition of "handicapped" within the meaning of 29 U.S.C. § 706(7), and is an "otherwise qualified handicapped individual" under Section 504 and a "qualified individual with a disability" within the meaning of Title II of the ADA.

6.   Defendants are responsible, under Texas law, for providing and maintaining accessibility to facilities and services at UTSOA and for insuring those facilities comply with the Texas Architectural Standards (TAS) and the Americans with Disabilities Act Architectural Guidelines (ADAAG), promulgated under TABA and ADA, respectively.

7.   UTSOA is a "a building or facility used by the public that is constructed, renovated, or modified, in whole or in part, on or after January 1, 1970, using funds from the state or a county, municipality, or other political subdivision of the state" as defined in §469.003(a)(1) of TABA.

8.   Defendants are public entities within the meaning of Title II of the ADA, and are recipients of federal funding for purposes of Section 504.

9.   Defendants may be served process by serving the Office of the President at The University of Texas at Austin, Main Building 400 (G3400), Austin, Texas 78713-8920.

STATEMENT OF FACTS

10.   Because of his disability, Mr. Wittie requires a wheelchair for mobility purposes. Therefore, certain accommodations, such as ramps and access ways that meet the prescriptions outlined by TAS and ADAAG are necessary to allow him access to UTSOA facilities and services.

11.   Mr. Wittie is a socially active member of the community and enjoys attending various local events and attractions such as, exhibits, lectures and shows.   In July 2009, he went to the student exhibit in Goldsmith Hall expecting to learn about emerging architectural concepts relating to the efficient use of open space, a passion of his.   The structure of interest for Mr. Wittie was on display in the patio area of Goldsmith Hall.   Instead, Mr. Wittie learned that he could only view this segment of the exhibit by circling the patio from the sidewalk outside the building.

12.   There are two stairways that lead to the patio from the inside of Goldsmith hall. There is also a stairway that allows access to the patio from the sidewalk off the street.   However, there are no means of access to the patio area for people with physical disabilities who require the use of a wheelchair.

13.   Upon seeing that he could not access the patio area, Mr. Wittie went to the Dean's offices and inquired from an attending administrator whether there was any means of access to the patio for a person requiring the use of a wheelchair.   He was told by the administrator that she was not aware of any wheelchair accessible routes.

14.   This experience was disheartening for Mr. Wittie, especially since this incident occurred at the School of Architecture and he never expected to confront such a barrier there.

15.   Goldsmith Hall and the facilities therein are frequently used for various events, such as symposia, exhibits and lectures that are open to the general public.   Mr. Wittie visited

3

Goldsmith Hall again on July 2, 2010 to see if the School of Architecture had made any improvements or changes to allow people with disabilities to enjoy the same space that other members of the public are entitled to enjoy.   The patio area was still inaccessible as of that date.

16.   In addition to the patio described above, there is a separate courtyard area that also has problems of accessibility.   This area has metallic ramps designed to provide access to the courtyard to people who use wheelchairs.   However, the metallic ramps are not fully accessible. The ramps proved to be too slippery in rainy weather conditions.

17.   Mr. Wittie, and his companion, Stephanie Thomas, who also has a disability and uses a wheelchair, experienced great difficulty making it up the ramp that leads inside Goldsmith Hall from the Courtyard.   They both were using motorized wheelchairs, but Ms. Thomas still required the assistance of an ambulatory individual to help her over the raised threshold at the door.

18.   The courtyard has an uneven cobblestone surface leading up to the ramp.   The gap that currently exists between the ground surface and the edge of the metallic ramp made it difficult for the wheelchair to go up the ramp, and particularly so under rainy weather conditions.

19.   When Mr. Wittie and Ms. Thomas attempted to go through the doorway, the raised threshold presented a challenge.   Ms. Thomas could not get over the raised threshold without the aid of an ambulatory individual, who pulled her wheelchair inside.

20.   The fact that Ms. Thomas required assistance to finally make it inside Goldsmith Hall defeats the purpose of having such ramps installed by Defendants.   They do not allow individuals with physical disabilities independence and their right to enjoy the same services and facilities as other members of the public.

21.   Further, there were no signs in any of the non-wheelchair accessible entrance to Goldsmith Hall that indicated where the accessible entrance was located.

22.   The sign in front of the entrance indicating it was wheelchair accessible was hard to

4

discern.   The wheelchair symbol was silver, the same color and texture as its background.

23.   Additionally, the sign indicating that the men's bathroom was wheelchair accessible did not lead to an accessible bathroom.   The bathroom was too narrow and Mr. Wittie had trouble turning around and navigating his way back out.

CAUSES OF ACTION

I. <u>Violations of TABA</u>

24.   TABA was adopted to further the policy of the State of Texas to eliminate discrimination against, and promote the concept of equal treatment of, persons with disabilities, and in order to make buildings accessible to, and functional for, persons with disabilities.

25.   Pursuant to the legislative mandate in TABA, the Texas Department of Licensing and Regulation adopted the Texas Accessibility Standards (TAS) to be the minimum guidelines for compliance with TABA.   The goal of TAS is to embody the required standards of accessibility for places of public accommodation.

26.   TABA applies to publicly funded buildings or facilities, constructed or substantially renovated, modified, or altered on or after January 1, 1970.   TEX. GOV'T. CODE ANN. §469.003(a)(1) (Vernon 2009).   The School of Architecture was renovated, modified and altered, thus bringing it within the ambit of §469.003(a)(1).

27.   The School of Architecture fails to meet these TAS requirements:

   a.   § 4.5.2 states, "Changes in level greater than 1/2 in (13 mm) shall be accomplished by means of a ramp."

   b.   § 4.13.8 states, "Threshold at doorways shall not exceed ¾ in (19mm) in height for exterior sliding doors or ½ in (13mm) for other types of doors."

   c.   § 4.30.5 states, "Characters and symbols shall contrast with their background—either light characters on a dark background or dark characters on a light background."

5

     d.  § 4.5.1 states, "Cobblestone and other irregular surfaces having a texture that constitutes an obstacle or hazard, such as improperly laid flagstone, shall not be a part of accessible routes, spaces and elements."

     e.  § 4.3.6 states, "The surface of an accessible route shall comply with 4.5."

     f.  § 4.3.2 (2) states, "At least one accessible route shall connect accessible buildings, facilities, elements and spaces that are on the same site."

28. The barriers present at the School of Architecture have denied Mr. Wittie, Ms. Thomas and others similarly situated, because of their disabilities, the opportunity to participate in or benefit from a good, service, facility, or accommodation that is equal to that afforded other individuals, thus violating TEX. GOV'T. CODE ANN. §469 (Vernon 2009).

## II. Violations of Section 504

29. Defendants' failure to remedy the aforementioned barriers to access and services at UTSOA violates Mr. Wittie's rights under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, in that such actions discriminate against him on the basis of his disability.

## III. Violations of Title II of the ADA

30. Among its stated purposes, the ADA has a clear and comprehensive national mandate to eliminate discrimination against individuals with disabilities and to establish clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities. 42 U.S.C. § 12101(a)(1)-(2).

31. Title II of the ADA, governing state and local governmental entities, protects persons from   discrimination on the basis of disability by public entities.  42 U.S.C. §§ 12131-12134; 28 C.F.R. Part 35 § 35.101 *et seq.*

32. ADA Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity or be subject to discrimination by any [public] entity."

42 U.S.C. § 12132.

33.   Under Title II, the programs and activities of public entities *must* be accessible to people with disabilities unless that would cause a "fundamental alteration" to the program or activity or constitute an "undue financial burden" to the entity.   28 C.F.R. § 35.149-150.   It is the burden of the entity to prove that compliance would result in such fundamental alteration or financial burden.   Further, any decision that compliance would result in alteration or burden must be made after "considering all resources available for use in the funding and operation of service, program, or entity, and must be accompanied by a written statement of the reasons for reaching that conclusion."   28 C.F.R. § 35.150(a)(3).   Defendants cannot meet this burden.

34.   In addition, the ADA Accessibility Guidelines (ADAAG)[1] establish the standards to which public accommodations must conform in order to comply with the ADA.   ADAAG applies to the School of Architecture since removal of the barriers described herein is readily achievable within the meaning of the ADA.   42 U.S.C. § 12182 (b)(2)(A)(iv).

35.   Defendant has violated the following sections of ADAAG as a result of the barriers and deficiencies described above:

a.   §4.3.8, requiring that changes in level along an accessible route shall comply with 4.5.2 and requiring the installation of a curb ramp or ramp (complying with 4.7, or 4.8, respectively) if an accessible route has changes in level greater than ½ inch;

b.   §4.5.2, providing that changes in level between 1/4 in and ½ inch shall be beveled with a slope no greater than 1:2, and changes in level greater than ½ inch shall be accomplished by means of a ramp that complies with §4.7 or §4.8;

c.   §4.13.8, requiring that raised thresholds and floor level changes at accessible doorways shall be beveled with a slope no greater than 1:2 (see §4.5.2);

### INJUNCTIVE RELIEF

36.   Plaintiffs will continue to experience unlawful discrimination as a result of

---

[1] The ADA Accessibility Guidelines (ADAAG) are found at 28 C.F.R. Ch., Pt.36, App.A.

Defendants' violations of, and failures to comply with, the TABA, Section 504, and Title II of ADA. As such, injunctive relief is necessary to order Defendants to immediately remedy the barriers at Goldsmith Hall and to make the aforementioned building, including all programs and services located therein, fully accessible for Mr. Wittie.

37. Mr. Wittie will suffer irreparable harm if injunctive relief is not granted. It is obvious that no amount of money can compensate a citizen for his or her right of access to public services. As such, the impending harm to Mr. Wittie is not compensable in monetary damages.

## DECLARATORY RELIEF

38. Mr. Wittie is entitled to a declaratory judgment concerning Defendants' violations of the law, specifying the rights of individuals with disabilities to access the facilities and services available at Goldsmith Hall.

## ATTORNEYS' FEES AND COSTS

39. Mr. Wittie is entitled to reasonable attorneys' fees and court costs, pursuant to the Texas Declaratory Judgments Act, the ADA, 42 U.S.C. §12133, and as allowed by Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and 42 U.S.C. §1988.

## REQUEST FOR DISCLOSURE

40. Pursuant to Rule 194, Defendant is are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(f), (i), and (l).

## PRAYER FOR RELIEF

Therefore, Plaintiff respectfully requests this Court to award him the following relief:

A. A permanent injunction, requiring Defendants, their agents, servants, and employees, and all persons acting in concert with them, to eliminate all barriers described herein that prevent Plaintiff from having access to the services, facilities, privileges, advantages and accommodations Defendants offer at the School of Architecture; and enjoining Defendants from violating the ADA, Section 504, TABA, and TAS, and from discriminating against Plaintiff in violation of the law;

8

B. A declaratory judgment that Defendants' physical barriers have prevented, and continue to prevent, Plaintiff from fully accessing the School of Architecture, in violation of the ADA, Section 504,TABA, and TAS;

C. Permanently enjoin Defendants from failing and refusing to provide Plaintiff equal access to its facilities;

D. Find that Plaintiff is the prevailing party in this action, and

E. Grant such other and additional relief to which Plaintiff may be entitled.

Dated: July 26, 2010.

Respectfully submitted,

/s/ Joseph B. Berra
Joseph Berra
State Bar No. 24027144
James C. Harrington
State Bar No. 09048500
Wayne Krause
State Bar No. 24032644

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, Texas 78741-3438
  (512) 474-5073 [phone]
  (512) 474-0726 [fax]

ATTORNEYS FOR PLAINTIFF

No. _____

| | | |
|---|---|---|
| DAVID WITTIE,<br>                    Plaintiff<br>v.<br><br>UNIVERSITY OF TEXAS AT AUSTIN,<br>and FREDERICK STEINER, in his official<br>capacity as DEAN OF THE SCHOOL OF<br>ARCHITECTURE,<br>                    Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN DISTRICT COURT<br><br><br>OF TRAVIS COUNTY<br><br><br><br>__ JUDICIAL DISTRICT |

## AFFIDAVIT OF INABILITY TO AFFORD COURT COSTS AND IOLTA CERTIFICATE - STATE OF TEXAS

The undersigned makes this affidavit in connection with the filing of the above numbered and entitled cause without filing security for costs in accordance with Rule 145 of the Texas Rules of Civil Procedure.

1.  **Basis for Indigency:**

    I am unable to pay the court costs and costs of service of citation due to the facts set out below.

2.  **Employment information:**

    I am unable to work because of permanent disability.

3.  **Income from sources other than employment:**

    I receive $959.00 per month in SSDI benefits.  I have no other income.

4.  **Spouse's Income:**

    I have no spouse.

5.  **Property:**

I own no property and have no interest in any property other than household furnishings, clothes, and personal effects.

6.  **Bank Accounts**:

I have a checking account and savings account at Compass Bank.  The checking account has $300 and the Savings account has $1.

7.  **Dependents**:

I have no dependents.

8.  **Debts**:

I have approximately $3000 in credit card debt.

9.  **I have the following regular monthly expenses**:

| Type of Expense | Amount per month |
| --- | --- |
| Rent/Mortgage Payment | $ 206.00 |
| Electricity | $ 53.58 |
| Gas | $ 30.00 |
| Telephone | $ 100.00 |
| Food | $ 200.00 |
| Video Rental | $ 15.14 |
| Insurance | $ 7.45 |
| Out-of-pocket medical expenses | $ 15.00 |

10. **I am unable to pay the court costs**.

I verify that the statements made in this affidavit are true and correct.

Signed this the ___20th___ day of July, 2010.

_____

David Wittie

SUBSCRIBED and SWORN TO before me by _David Wittie_ this _20th_ day of
_July_, 2010.



CHRISTOPHER L. ANDERSON
MY COMMISSION EXPIRES
August 20, 2012

_Christopher L. Anderson_
NOTARY PUBLIC, STATE OF TEXAS

### IOLTA CERTIFICATE UNDER RULE 145
### OF THE TEXAS RULES OF CIVIL PROCEDURE

Texas Civil Rights Project represents David Wittie. Texas Civil Rights Project
provides free legal services, without contingency, because of the party's indigency and
Texas Civil Rights Project is providing services either directly or by referral from a
program funded by the Interest on Lawyers Trust Accounts (IOLTA) program. Texas
Civil Rights Project, by the undersigned attorney, certifies that Texas Civil Rights Project
is an IOLTA funded program and that Texas Civil Rights Project screened client for
income eligibility under the IOLTA income guidelines.

Pursuant to Rule 145(c) "A party's affidavit of inability accompanied by an
attorney's IOLTA certificate may not be contested."

Respectfully Submitted,
Texas Civil Rights Project

_____

BY: Joseph Berra

Cause No. _____

| | | | |
|---|---|---|---|
| DAVID WITTIE, | § | IN THE DISTRICT COURT | |
| | § | | |
| Plaintiff | § | | |
| v. | § | | |
| | § | | |
| THE UNIVERSITY OF TEXAS AT AUSTIN, | § | OF TRAVIS COUNTY, TEXAS | |
| AND FREDERICK STEINER, in his official | § | | |
| capacity AS DEAN OF THE SCHOOL OF | § | | |
| ARCHITECTURE, | § | | |
| Defendants | § | _____ JUDICIAL DISTRICT | |

**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION, INTERROGATORIES
AND REQUESTS FOR ADMISSIONS
TO DEFENDANT UNIVERSITY OF TEXAS AT AUSTIN**

To:  The University of Texas at Austin, by and through the Office of the President at The University of Texas at Austin, Main Building 400 (G3400), Austin, Texas 78713-8920.

Pursuant to Texas Rules of Civil Procedure 196, 197 & 198, Defendant The University of Texas at Austin is hereby directed to respond to attached written Requests for Production, Interrogatories, and Requests for Admission within fifty (50) days of receipt hereof, and with documents indicated therein, serve upon undersigned counsel of record.

Dated: July 26, 2010

Respectfully submitted,


/s/ Joseph B. Berra
Joseph B. Berra
State Bar No. 24027144
James C. Harrington
State Bar No. 09048500
Wayne Krause
State Bar No. 24032644

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive.
Austin, Texas 78741-3438
   (512) 474-5073 [telephone]
   (512) 474-0726 [facsimile]

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I certify that, on July 26, 2010, a true copy of this document was filed with the Court to be delivered by constable to Office of the General Counsel, at 201 W. 7th Street, Austin, Texas, 78701.

/s/ Joseph B. Berra
Joseph B. Berra

DEFINITIONS

As used herein, the following words and terms shall mean and include:

(1) "PERSON" or "PERSONS" refers to natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, government entities and instrumentalities, or any other entity.

(2) "COMMUNICATION" or "COMMUNICATIONS" means a transfer of, or request for, information, written or oral, by any means whatsoever.

(3) "DEFENDANT," "YOU," "YOUR," and "The University" refer to the University of Texas at Austin and includes officers, employees, agents, servants, predecessors-in-office, successors-in-office, and any person or entity acting in concert or on behalf of said Defendant, now or in the past, whether specifically indicated or not.

(4) "DOCUMENTATION," "DOCUMENT" or "DOCUMENTS" include any item whether printed or recorded or reproduced by any other electronic or mechanical process or written or produced by hand: agreements, communications, reports, charges, complaints, correspondence, telegrams, memoranda, electronic mail, applications, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, schedules, charts, videos, audio or audio recordings, graphs, worksheets, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports or records of investigations or negotiations, opinions or reports of consultants, bills, statements, invoices, and all other writings of whatever nature, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, tape recordings, disks, data sheets or data processing cards, any marginal comments appearing on any document or thing, or any other written, recorded, transcribed, filed or graphic master, however produced or reproduced, to which Defendant or its agents, representatives, or attorney will have or have had access.

In the event any item requested is unavailable due to loss or destruction of documents, loss of memory, failure to keep documents, or otherwise, please identify the nature of the information, the last known person to have possession of the documents or information, the circumstances involved, and the date of each event.

(5) "IDENTIFY" or "IDENTITY OF" when referring:

2

(a) to a person, means to state his or her full name, present or last known business or residential street address, city, state, and phone number;

(b) to a public or private corporation, partnership, association or other organization, or to a governmental agency means to state its full name and present or last known pertinent business street address, city, state, and phone number;

(c) to a statement, means to identify who made it, who took or recorded it, and all others, if any, present during the making thereof; to state when, where, and how it was taken or recorded; and to identify who has present or last known possession, custody or control thereof;

(d) to a document, means to give reasonably detailed description thereof, including, if applicable: when, where, and how it was made; to identify who made it; and to identify who has present, or last known, possession, custody or control thereof; and

(e) to any other tangible thing, means to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody or control thereof.

(6) The terms "AND," "OR," "ANY," and "ALL" shall be construed conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope.

(7) "DESCRIBE IN DETAIL" and "STATE IN DETAIL" mean to give a complete and full description concerning the matter about which the inquiry is made, including to identify the person involved, along with dates, times, places, amounts, and other particulars that make the answer to the request for admission fair and meaningful.

(8) "RELATED TO," "RELATE TO," and "RELATING TO" means constituting, defining, containing, embodying, reflecting, identifying, discussing, concerning, stating, referring to, involving, evidencing, evaluation, criticizing, substantiating, dealing with, mentioning, or in any way pertaining to.

(9) "TAS" means Texas Accessibility Standards, as published by the Texas Department of Licensing and Regulation and adopted under Tex. Admin. Code Ann. § 68.100 (Vernon 2010).

(10)  "CHAPTER 121" means Chapter 121 of the Texas Human Resources Code, located at Tex. Hum. Res. Code Ann. § 121 (Vernon 2002).

(11) "TABA" means Texas Architectural Barriers Act, located at Tex. Gov't Code §469 (Vernon 2010).

(12) "ADA" refers to Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134.

(13) "Section 504" refers to the Rehabilitation Act of 1973, 29 U.S.C. § 794.

(14) "RESTROOM" refers to the bathroom, toilet room, or lavatory at Goldsmith Hall.

(15) "SCHOOL OF ARCHITECTURE" refers to all the buildings housing the Architecture Department at the University of Texas at Austin, including Goldsmith Hall, Sutton Hall, West Mall Building, and Battle Hall.

(16) "PATIO" refers to the outside area of Goldsmith Hall located at the corner of Guadalupe St. and W. 22nd.

(17) "COURTYARD" refers to the Courtyard in Goldsmith Hall.

INSTRUCTIONS – REQUESTS FOR PRODUCTION

All Requests for Production are subject to the following Instructions:

(1) The Requests for Production shall not be deemed to call for identical copies of documents. However, document with handwritten notes, editing marks, or any other mark that differentiates the document shall not be deemed identical to one without such modifications, additions or deletions.

(2) Each document produced pursuant to this Request for Production is to be identified in such production by the specific number of the Request for Production with respect to which it is produced.

(3) This Request for Production is a continuing document request.  If, any time after your response and production pursuant to this Request, you learn of, or otherwise come into possession, custody or control of, additional documents called for by this Request, such documents are to be produced, and identified as set out in the preceding paragraph.

(4) None of the requests for production, interrogatories, or requests for admission seeks disclosure of matters protected by attorney-client privilege or Defendant's attorney's work product.

(5) Documents that are regularly maintained stapled, clipped, or otherwise physically attached to other documents are to be produced in their stapled, clipped or otherwise physically attached form.

(6) As used herein, the singular includes the plural number, and vice versa.  The past tense includes the present tense, and vice versa, where the clear meaning is not distorted by change of tense.

(7) If an objection to any Request is made, the reason(s) shall be stated specifically as to each separate request.

(8)     None of the requests for production seek disclosure of matters protected by attorney-client privilege or Defendant's attorney's work product.

## REQUESTS FOR PRODUCTION

<u>Request No. 1:</u>  All documents or other tangible things in the possession, custody, or control of Defendant which Defendant claims are relevant to the facts, claims, denials, defenses, or affirmative defenses alleged in this case.

<u>Response:</u>


<u>Request No. 2:</u>   All documents which were consulted or which relate to, refute or support Defendant's responses to Plaintiff's First Set of Interrogatories and Requests for Admission.

<u>Response:</u>


<u>Request No. 3:</u>  All documents showing or reflecting any effort to assess, evaluate, or achieve compliance with the TABA, ADA, Section 504, or any other disability law or regulation, including related regulations, regarding Goldsmith Hall.

<u>Response:</u>


<u>Request No. 4:</u>  All documents or other tangible things which Defendant expects to proffer as evidence at trial.

<u>Response:</u>


<u>Request No. 5:</u>  All documents related to Plaintiff, other than pleadings.

<u>Response:</u>


<u>Request No. 6:</u>  All documents sent to, or received from, any entity, since July 26, 2005 which relate to the treatment of people with disabilities by Defendant The University of Texas at Austin.  This request includes, but is not limited to, applications, citations, complaints, rules, regulations, guidelines, letters, notes, memoranda, or any other document.  This request also includes, but is not limited to, any formal or informal applications for licenses or licensing agreements with Defendant and all materials supporting such applications.

<u>Response:</u>


<u>Request No. 7:</u>  All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed, or prepared by or for Defendant's experts in anticipation of all testifying experts' testimony.

<u>Response:</u>

Request No. 8:   The current resume and bibliography of all of Defendant's experts.

Response:


Request No. 9:   All communications regarding all actions since 1970 Defendant has taken to assess and achieve compliance with TABA, the ADA or other laws, standards and regulations with respect to the elimination of architectural barriers and discriminatory practices towards clients who have disabilities, including physical disabilities.

Response:


Request No. 10:   All documents relating to Defendant's self-evaluation and transition plans, and written plans for purposes of achieving compliance with TABA, the ADA and all other disability laws, standards, and regulations.

Response:


Request No. 11:   All documents related to Defendant's diaries, memorandum, correspondence, or other writings, or videotapes and audiotapes not privileged that relate to Plaintiff or this lawsuit.

Response:


Request No. 12:   All documents reflecting any insurance agreement under which any person, entity or agency carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Response:


Request No. 13:   Documents related to the current assets and liabilities of Defendant, including but not limited to those considered in making changes to the architectural barriers mentioned in Plaintiff's petition.

Response:


Request No. 14:   All documents identified or otherwise indicated in Defendant's responses to Plaintiff's request for admissions and interrogatories, if not already pursuant to the aforementioned requests for production.

Response:

Request No. 15:  The original and revised architectural, engineering, and construction plans, drawings, specifications, contracts, permits and all other documents which relate to the original construction of, and all subsequent modifications and planned modifications to Goldsmith Hall since January 1, 1970.   This Request includes, but is not limited to, plans, blueprints, memoranda, reports, summaries, and other documents reflecting cost estimates or costs incurred, whether prepared prior or subsequent to the initiation of construction or alterations.

Response:

Request No. 16:  The documents of plans submitted by any person or entity to the City of Austin or Travis County, and which relate to making any part of the School of Architecture and Goldsmith Hall accessible for persons with mobility disabilities.  NOTE: For the purpose of this Request for Production, "submitted" means delivered in any manner, and is not limited to a formal filing or application.

Response:

## INSTRUCTIONS – REQUEST FOR ADMISSIONS

If objection to any Request is made, the reason(s) shall be stated specifically as to each separate request.

(1) Each answer to each Request shall deny specifically the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

(2)  A denial shall fairly meet the substance of the requested admission; and, when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

(3)  An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that a reasonable inquiry has been made and that the information known or readily obtainable by the party is insufficient to allow an admission or denial.

(4)  None of the requests for admission seek disclosure of matters protected by attorney-client privilege or Defendant's attorney work product.

## REQUEST FOR ADMISSION

Request No. 1:  Admit that Defendant, at the time of filing of this lawsuit, had no written plan to further develop accommodations for people with disabilities at Goldsmith Hall.

7

Admit:_____                    Denied:_____

Request No. 2:  Admit that the School of Architecture does not have policies or procedures in place to ensure that proper accessible routes are maintained, as required by TAS.

Admit:_____                    Deny:_____

Request No. 3:  Admit that, at the time of the filing of this lawsuit, the sign indicating that the men's bathroom in Goldsmith Hall is wheelchair accessible led to an inaccessible bathroom.

Admit:_____                    Deny:_____

Request No. 4:  Admit that Defendant, as of the filing of this lawsuit, has not filed with TDLR or any other government entity any application for any agreement or permit related to bringing Goldsmith Hall into compliance with the TABA or the ADA.

Admit:_____                    Deny:_____

Request No. 5:  Admit that Defendant has renovated, altered, or modified the School of Architecture and Goldsmith Hall since January 1, 1970.

Admit:_____                    Deny:_____

Request No. 6:  Admit that Goldsmith Hall is a public facility within the meaning of TABA.

Admit:_____                    Deny:_____

Request No. 7:  Admit that Goldsmith Hall is a place of public accommodation within the meaning of the ADA.

Admit:_____                    Deny:_____

Request No. 8:  Admit that the ground surface in the Courtyard, which has ramps to allow access to people with wheelchairs, is an irregular surface having a texture that constitutes an obstacle or hazard for people with wheelchairs.

Admit:_____                    Deny:_____

Request No. 9:  Admit that, as of the filing of this lawsuit, the patio area of Goldsmith hall is inaccessible to people with wheelchairs.

Admit:_____                    Deny:_____

Request No. 10:  Admit that the patio area of Goldsmith Hall was used to house part of the student exhibit in July 2009.

Admit:_____                    Deny:_____

<u>Request No. 11</u>:  Admit that, as of the filing of this lawsuit, the ramp leading from the inside of Goldsmith Hall to the Courtyard lands on cobblestone paving.

     Admit:_____          Deny:_____

<u>Request No. 12</u>:  Admit that, as of the filing of this lawsuit, the threshold at the door leading inside Goldsmith Hall from the Courtyard is higher than 1/2 inch.

     Admit:_____          Deny:_____

<u>Request No. 13</u>:  Admit that, as of the filing of this lawsuit, the sign indicating the accessible entrance to Goldsmith Hall constitutes of a silver wheelchair symbol engraved on a similarly colored and textured surface.

     Admit:_____          Deny:_____

<u>Request No. 14</u>:  Admit that, as of the filing of this lawsuit, there are no signs at the inaccessible entrances to Goldsmith Hall that indicate where the accessible entrance is located.

     Admit:_____          Deny:_____

<u>Request No. 15</u>:  Admit that, as of the filing of this lawsuit, the Courtyard  path surrounding the fountain, which is located between two accessibility ramps, has changes in level between 1/4 and 1/2 inch that are not leveled.

     Admit:_____          Deny:_____

<u>Request No. 16</u>:  Admit that, as of the filing of this lawsuit, the Courtyard  path surrounding the fountain, which is located between two accessibility ramps, has changes in level eater than 1/2 in are not accomplished by means of a TAS compliant ramp.

     Admit:_____          Deny:_____


## INSTRUCTIONS FOR INTERROGATORIES

      Under the Texas Rules of Civil Procedure, Defendant is hereby requested to answer fully, factually, in writing, and under oath each of the separate Interrogatories hereafter set out. Defendant is instructed that:

(1)  All Interrogatories must be answered fully in writing in accordance with Rule 197 of the Texas Rules of Civil Procedure.

(2)  All answers to Interrogatories must be signed by the party except that, if circumstances prevent a party from signing responses to Interrogatories, the attorney may file the Interrogatories without the party's signature if an affidavit is filed simultaneously stating that

properly executed responses to Interrogatories will be filed within twenty (20) days, unless time is extended by order of the Court.

(3) In the event any question cannot be fully answered after the exercise of reasonable diligence, Defendant shall furnish as complete an answer as it can, explain in detail the reason why it cannot give a full answer, and state what is needed to be done in order to be in a position to answer fully and estimate when it will be in that position.

(4) In the event a party fails to answer an interrogatory in full and offers an explanation, the opposing party shall respond to said explanation within ten (10) days after its receipt if the party disagrees with the same.

(5) Each interrogatory shall be set forth immediately prior to the answer thereto.

(6) Interrogatories must be answered separately, signed, and verified by the person making them; the answers must be delivered to the undersigned attorney of record for Plaintiffs within fifty (50) days of service hereof.

(7) The Interrogatories should be answered in the spaces provided to the extent possible. If additional space is needed, please use additional sheets.

(8) In answering the Interrogatories, furnish all information available to Defendant including information in the possession of his attorney and all persons acting in its behalf.

(9) These Interrogatories are deemed continuing so as to require supplemental answers if Defendant or its counsel obtains further information which will correct an answer previously given or change an answer previously given which is no longer true.

(10) If Defendant expects to call an expert witness whose name and the subject matter of said witness' testimony have not been previously disclosed in response to one of these Interrogatories, the answer must be supplemented and amended to include such information not less than (20) twenty days prior to trial, if not provided sooner.

## INTERROGATORIES

Interrogatory No. 1: Please identify each person who provided information or assisted in any way in answering these interrogatories, and as to each such person, please indicate the discovery request with respect to which he or she was involved.

ANSWER:

Interrogatory No. 2: Please identify all person(s), if any, designated by Defendant to be responsible for compliance with TABA, the ADA, Section 504 and all other state, federal or local disability laws in the planning, construction, and/or renovation of the School of Architecture or in terms of providing accommodations for people with disabilities. For each person so identified, please state the law(s) for which such person is responsible. In identifying

each person pursuant to this interrogatory, please identify which person is the disability accessibility coordinator for the School of Architecture and/or Defendant.  If no such person exists, please indicate as such in your answer.

ANSWER:


Interrogatory No. 3:  Please describe in detail all actions Defendant has taken to assess and achieve compliance with the ADA with respect to the planning, construction, modification, and/or renovation of the School of Architecture and Goldsmith Hall, including any complaint/grievance procedures that provide for the submission and resolution of complaints regarding the School of Architecture and Goldsmith Hall.  Please identify all individuals responsible for handling grievances/complaints during the complaint/grievance process.

ANSWER:


Interrogatory No. 4:  Please identify and describe in detail Defendant's written plan of programs and activities for purposes of compliance with TABA with regard to School of Architecture and Goldsmith Hall, as well as the self-evaluation and transition plan for the ADA.

ANSWER:


Interrogatory No. 5:  Please identify and describe in detail document(s) Defendant has created outlining the necessary structural changes needed in order to comply with the TABA and the ADA with regard to Goldsmith Hall and the School of Architecture.  With respect to each description of each document, please include in your description, but do not limit your description to the following:  the full name, addresses, and phone numbers of all persons consulted; a description of the modifications and structural changes needed; and a description of policies and practices examined.

ANSWER:


Interrogatory No. 6:  Please identify and describe in detail all complaints of inaccessibility or discrimination within the past 5 years with regard to Goldsmith Hall and the School of Architecture, including the date the complaint was filed, the substance and nature of the complaint, the name, telephone number and address of person filing the complaint, and the final resolution of the complaint including any action taken to remedy the complaint of inaccessibility.

ANSWER:


Interrogatory No. 7:  Please identify and describe in detail those facts which you contend to support your defenses in this case.

ANSWER:

11

Interrogatory No. 8:  Please identify the full names, addresses and telephone numbers of the persons whom Defendant knows to have knowledge of facts related to its claim or defense in this lawsuit, and of persons who are expected to testify at trial on behalf of Defendant, and describe the issues and facts about which each person has knowledge.

ANSWER:


Interrogatory No. 9:  Please identify and describe in detail all construction, renovation, modifications or alterations to School of Architecture and Goldsmith Hall since January 1970 and identify the date for each such construction, modification, renovation or alteration.

ANSWER:


Interrogatory No. 10:  Please identify and describe in detail plans submitted to the Texas Department of Licensing and Regulation and all other governmental entities since January 1, 1970, which relate to making the School of Architecture and Goldsmith Hall accessible for persons with mobility disabilities.  Please include in your answer a specific description of such plans, including dates as to whom the plans were first conceived and when they are to be implemented and completed, as well as the identity of all persons with knowledge thereof. NOTE: For the purpose of this Interrogatory, "submitted" means delivered in any manner, and is not limited to a formal filing or application.

ANSWER:


Interrogatory No. 11:  Please identify and describe in detail all communications between Defendant, including agents and representatives and all persons or entities that relate to removal or alteration of the barriers of the School of Architecture and Goldsmith Hall and plans to bring the restaurant into compliance with TABA, ADA, Section 504 and all other applicable disability laws or regulations.

ANSWER:

VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TRAVIS | § |

     BEFORE ME, the undersigned authority, on this day personally appeared_____

_____, known to me to be the person whose signature is affixed above, and upon

oath, stated that such person answered the foregoing Requests for Admission in the capacity

therein set out and that such responses are true, correct, and completed to the best of that

person's knowledge.

     SWORN TO AND SUBSCRIBED before me by affiant on _____

_____, 2010.


                                    _____
                                      Notary Public, State of Texas


                                      _____
                                      (typed or printed name)


                                      My Commission Expires:_____



## Amalia Rodriguez–Mendoza

District Clerk, Travis County

Travis County Courthouse Complex

P. O. Box 679003

Austin, Texas 78767

Date: November 3, 2008

TO: All attorneys of record in cases pending in Travis County District Court

NOTICE OF ENTRY OF NEW E-FILE MANDATE ORDER

The 2008 Court Order Regarding E-filing is effective as of November 1, 2008. You can view this order by selecting the link near the top of the following web page:

http://www.co.travis.tx.us/district_clerk/default.asp

If you have not yet established an e-filing account, please refer to Texas Online's eFiling Main Information at:

http://www.texasonline.com/portal/tol/en/info

We are asking that you establish your account as soon as possible, but a grace period through the end of the year has been implemented to allow you adequate time to make e-filing preparations.

If you have any questions regarding the e-filing process or the order's application to any of your pending cases, you may call 512-854-FILE (512-854-3453) for assistance.

Thank you.

*Amalia Rodriguez-Mendoza*

Amalia Rodriguez-Mendoza
Travis County District Clerk

Travis County District Clerk's Office
Civil Division

| Administrative Offices | Civil and Family Division | Criminal Division | Jury Office |
|---|---|---|---|
| (512) 854-9737 | (512) 854-9457 | (512) 854-9420 | (512) 854-4295 |
| Fax: 854-4744 | Fax: 854-6610 | Fax: 854-4566 | Fax: 854-4457 |

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-10-002584**

0585g

DAVID WITTIE

                                                        , Plaintiff
   vs.
UNIVERITY OF TEXAS AT AUSTIN AND FREDERICK STEINDER, IN HIS OFFICIAL CAPACITY
AS DEAN OF THE SCHOOL OF ARCHITECTURE

                                                        , Defendant

TO:  FREDERICK STEINER
     IN HIS OFFICIAL CAPACITY AS DEAN OF THE SCHOOL OF ARCHITECTURE
     BY SERVING THE OFFICE OF THE PRESIDENT
     MAIN BUILDING 400 (G3400)
     AUSTIN, TEXAS 78713

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on JULY 26, 2010 in the 353RD JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, July 27, 2010.

REQUESTED BY:
JOSEPH PACIFICO BERRA
1405 MONTOPOLIS DR.
AUSTIN, TX 78741-0726
BUSINESS PHONE:(512) 474-5073 ext 113
FAX:(512) 474-0726

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

DELIVERED THIS ___ DAY OF AUGUST 2010

R E T U R N

Came to hand on the _____ day of _____ at _____ o'clock _____M., and executed at
_____ within the County of _____ on the
_____ day of _____ at _____ o'clock _____M., by delivering to the within named
DEPUTY
_____, each in
person, a true copy of this citation together with the EFILE MANDATE NOTICE accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____

Bruce Elfant
Constable Pct. 5, Travis County, Texas
Sheriff / Constable / Authorized Person

By:_____

Printed Name of Server

_____ County, Texas

_____
Notary Public, THE STATE OF TEXAS

D-1-GN-10-002584
☐ Original    ☐ Service Copy

CONSTABLE (PAUPERS)

Vice President for
Legal Affairs
RECEIVED

AUG - 4 2010

Refer to _____
Handle _____
Comment & Return _____
FYI, File or Discard _____

P01 - 02040

Filed
10 July 26 P3:02
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GN-10-002584

No. _____

| | | |
|---|---|---|
| DAVID WITTIE, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| v. | § | |
| | § | |
| UNIVERSITY OF TEXAS AT AUSTIN, | § | OF TRAVIS COUNTY, TEXAS |
| and FREDERICK STEINER, in his official | § | |
| capacity as DEAN OF THE SCHOOL OF | § | |
| ARCHITECTURE, | § | |
| Defendants | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff David Wittie respectfully brings this action against Defendants for failing to integrate individuals with disabilities into their programming and failing to provide full access to their facilities, as required by federal and state law.

Mr. Wittie, a person with a physical disability requiring the use of a wheelchair, has a longstanding interest in architecture and the use of space. He was very excited to learn of a student exhibit at the University of Texas School of Architecture (UTSOA), located in Goldsmith Hall, centered on this theme. The exhibit was open for viewing to the general public. Mr. Wittie made a trip to see the exhibit in July of 2009 only to find out that the portion of the exhibit that he was the most interested in was inaccessible to him due to his use of a wheelchair.

### DISCOVERY

1. Discovery will be conducted under Level 2 as per Rule 190 of the Texas Rules of Civil Procedure.

### STATEMENT OF CLAIMS

2. David Wittie, a person with a physical disability requiring the use a wheelchair, was denied his right to access the student exhibit on display in the patio of Goldsmith Hall in violation of: the Texas Architectural Barriers Act (TABA), TEX. GOV'T. CODE ANN. §469 (Vernon 2009);

Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134 (ADA); and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Section 504).   Accordingly, Plaintiff brings this lawsuit seeking injunctive and declaratory relief from illegal barriers that prevent access for persons with mobility disabilities to the patio in Goldsmith Hall.

JURISDICTION AND VENUE

3.   This action is brought pursuant to TABA, the ADA and Section 504.   The Court has jurisdiction over Defendants because Defendants are located in Travis County.

4.   Venue is proper in this Court because the events complained of occurred in Travis County.

PARTIES

5.   Plaintiff David Wittie is a resident of Austin, Texas.   He uses a wheelchair for mobility, and has a "disability" within the meaning of §497.002 of TABA.   Plaintiff also meets the definition of "handicapped" within the meaning of 29 U.S.C. § 706(7), and is an "otherwise qualified handicapped individual" under Section 504 and a "qualified individual with a disability" within the meaning of Title II of the ADA.

6.   Defendants are responsible, under Texas law, for providing and maintaining accessibility to facilities and services at UTSOA and for insuring those facilities comply with the Texas Architectural Standards (TAS) and the Americans with Disabilities Act Architectural Guidelines (ADAAG), promulgated under TABA and ADA, respectively.

7.   UTSOA is a "a building or facility used by the public that is constructed, renovated, or modified, in whole or in part, on or after January 1, 1970, using funds from the state or a county, municipality, or other political subdivision of the state" as defined in §469.003(a)(1) of TABA.

8.   Defendants are public entities within the meaning of Title II of the ADA, and are recipients of federal funding for purposes of Section 504.

9. Defendants may be served process by serving the Office of the President at The University of Texas at Austin, Main Building 400 (G3400), Austin, Texas 78713-8920.

STATEMENT OF FACTS

10. Because of his disability, Mr. Wittie requires a wheelchair for mobility purposes. Therefore, certain accommodations, such as ramps and access ways that meet the prescriptions outlined by TAS and ADAAG are necessary to allow him access to UTSOA facilities and services.

11. Mr. Wittie is a socially active member of the community and enjoys attending various local events and attractions such as, exhibits, lectures and shows. In July 2009, he went to the student exhibit in Goldsmith Hall expecting to learn about emerging architectural concepts relating to the efficient use of open space, a passion of his. The structure of interest for Mr. Wittie was on display in the patio area of Goldsmith Hall. Instead, Mr. Wittie learned that he could only view this segment of the exhibit by circling the patio from the sidewalk outside the building.

12. There are two stairways that lead to the patio from the inside of Goldsmith hall. There is also a stairway that allows access to the patio from the sidewalk off the street. However, there are no means of access to the patio area for people with physical disabilities who require the use of a wheelchair.

13. Upon seeing that he could not access the patio area, Mr. Wittie went to the Dean's offices and inquired from an attending administrator whether there was any means of access to the patio for a person requiring the use of a wheelchair. He was told by the administrator that she was not aware of any wheelchair accessible routes.

14. This experience was disheartening for Mr. Wittie, especially since this incident occurred at the School of Architecture and he never expected to confront such a barrier there.

15. Goldsmith Hall and the facilities therein are frequently used for various events, such as symposia, exhibits and lectures that are open to the general public. Mr. Wittie visited

3

Goldsmith Hall again on July 2, 2010 to see if the School of Architecture had made any improvements or changes to allow people with disabilities to enjoy the same space that other members of the public are entitled to enjoy.   The patio area was still inaccessible as of that date.

16.   In addition to the patio described above, there is a separate courtyard area that also has problems of accessibility.   This area has metallic ramps designed to provide access to the courtyard to people who use wheelchairs.   However, the metallic ramps are not fully accessible. The ramps proved to be too slippery in rainy weather conditions.

17.   Mr. Wittie, and his companion, Stephanie Thomas, who also has a disability and uses a wheelchair, experienced great difficulty making it up the ramp that leads inside Goldsmith Hall from the Courtyard.   They both were using motorized wheelchairs, but Ms. Thomas still required the assistance of an ambulatory individual to help her over the raised threshold at the door.

18.   The courtyard has an uneven cobblestone surface leading up to the ramp.   The gap that currently exists between the ground surface and the edge of the metallic ramp made it difficult for the wheelchair to go up the ramp, and particularly so under rainy weather conditions.

19.   When Mr. Wittie and Ms. Thomas attempted to go through the doorway, the raised threshold presented a challenge.   Ms. Thomas could not get over the raised threshold without the aid of an ambulatory individual, who pulled her wheelchair inside.

20.   The fact that Ms. Thomas required assistance to finally make it inside Goldsmith Hall defeats the purpose of having such ramps installed by Defendants.   They do not allow individuals with physical disabilities independence and their right to enjoy the same services and facilities as other members of the public.

21.   Further, there were no signs in any of the non-wheelchair accessible entrance to Goldsmith Hall that indicated where the accessible entrance was located.

22.   The sign in front of the entrance indicating it was wheelchair accessible was hard to

4

discern.   The wheelchair symbol was silver, the same color and texture as its background.

23.   Additionally, the sign indicating that the men's bathroom was wheelchair accessible did not lead to an accessible bathroom.   The bathroom was too narrow and Mr. Wittie had trouble turning around and navigating his way back out.

## CAUSES OF ACTION

### I. Violations of TABA

24.   TABA was adopted to further the policy of the State of Texas to eliminate discrimination against, and promote the concept of equal treatment of, persons with disabilities, and in order to make buildings accessible to, and functional for, persons with disabilities.

25.   Pursuant to the legislative mandate in TABA, the Texas Department of Licensing and Regulation adopted the Texas Accessibility Standards (TAS) to be the minimum guidelines for compliance with TABA.   The goal of TAS is to embody the required standards of accessibility for places of public accommodation.

26.   TABA applies to publicly funded buildings or facilities, constructed or substantially renovated, modified, or altered on or after January 1, 1970.   TEX. GOV'T. CODE ANN. §469.003(a)(1) (Vernon 2009).   The School of Architecture was renovated, modified and altered, thus bringing it within the ambit of §469.003(a)(1).

27.   The School of Architecture fails to meet these TAS requirements:

    a.   § 4.5.2 states, "Changes in level greater than 1/2 in (13 mm) shall be accomplished by means of a ramp."

    b.   § 4.13.8 states, "Threshold at doorways shall not exceed ¾ in (19mm) in height for exterior sliding doors or ½ in (13mm) for other types of doors."

    c.   § 4.30.5 states, "Characters and symbols shall contrast with their background—either light characters on a dark background or dark characters on a light background."

5

    d.  § 4.5.1 states, "Cobblestone and other irregular surfaces having a texture that constitutes an obstacle or hazard, such as improperly laid flagstone, shall not be a part of accessible routes, spaces and elements."

    e.  § 4.3.6 states, "The surface of an accessible route shall comply with 4.5."

    f.  § 4.3.2 (2) states, "At least one accessible route shall connect accessible buildings, facilities, elements and spaces that are on the same site."

28.   The barriers present at the School of Architecture have denied Mr. Wittie, Ms. Thomas and others similarly situated, because of their disabilities, the opportunity to participate in or benefit from a good, service, facility, or accommodation that is equal to that afforded other individuals, thus violating TEX. GOV'T. CODE ANN. §469 (Vernon 2009).

## II. Violations of Section 504

29.   Defendants' failure to remedy the aforementioned barriers to access and services at UTSOA violates Mr. Wittie's rights under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, in that such actions discriminate against him on the basis of his disability.

## III. Violations of Title II of the ADA

30.   Among its stated purposes, the ADA has a clear and comprehensive national mandate to eliminate discrimination against individuals with disabilities and to establish clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities. 42 U.S.C. § 12101(a)(1)-(2).

31.   Title II of the ADA, governing state and local governmental entities, protects persons from   discrimination on the basis of disability by public entities.   42 U.S.C. §§ 12131-12134; 28 C.F.R. Part 35 § 35.101 *et seq.*

32.   ADA Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity or be subject to discrimination by any [public] entity."

6

42 U.S.C. § 12132.

33.   Under Title II, the programs and activities of public entities *must* be accessible to people with disabilities unless that would cause a "fundamental alteration" to the program or activity or constitute an "undue financial burden" to the entity.   28 C.F.R. § 35.149-150.   It is the burden of the entity to prove that compliance would result in such fundamental alteration or financial burden.   Further, any decision that compliance would result in alteration or burden must be made after "considering all resources available for use in the funding and operation of service, program, or entity, and must be accompanied by a written statement of the reasons for reaching that conclusion."   28 C.F.R. § 35.150(a)(3).   Defendants cannot meet this burden.

34.   In addition, the ADA Accessibility Guidelines (ADAAG)[1] establish the standards to which public accommodations must conform in order to comply with the ADA.   ADAAG applies to the School of Architecture since removal of the barriers described herein is readily achievable within the meaning of the ADA.   42 U.S.C. § 12182 (b)(2)(A)(iv).

35.   Defendant has violated the following sections of ADAAG as a result of the barriers and deficiencies described above:

    a.   §4.3.8, requiring that changes in level along an accessible route shall comply with 4.5.2 and requiring the installation of a curb ramp or ramp (complying with 4.7, or 4.8, respectively) if an accessible route has changes in level greater than ½ inch;

    b.   §4.5.2, providing that changes in level between 1/4 in and ½ inch shall be beveled with a slope no greater than 1:2, and changes in level greater than ½ inch shall be accomplished by means of a ramp that complies with §4.7 or §4.8;

    c.   §4.13.8, requiring that raised thresholds and floor level changes at accessible doorways shall be beveled with a slope no greater than 1:2 (see §4.5.2);

INJUNCTIVE RELIEF

36.   Plaintiffs will continue to experience unlawful discrimination as a result of

---

[1]   The ADA Accessibility Guidelines (ADAAG) are found at 28 C.F.R. Ch., Pt.36, App.A.

Defendants' violations of, and failures to comply with, the TABA, Section 504, and Title II of ADA. As such, injunctive relief is necessary to order Defendants to immediately remedy the barriers at Goldsmith Hall and to make the aforementioned building, including all programs and services located therein, fully accessible for Mr. Wittie.

37. Mr. Wittie will suffer irreparable harm if injunctive relief is not granted. It is obvious that no amount of money can compensate a citizen for his or her right of access to public services. As such, the impending harm to Mr. Wittie is not compensable in monetary damages.

## DECLARATORY RELIEF

38. Mr. Wittie is entitled to a declaratory judgment concerning Defendants' violations of the law, specifying the rights of individuals with disabilities to access the facilities and services available at Goldsmith Hall.

## ATTORNEYS' FEES AND COSTS

39. Mr. Wittie is entitled to reasonable attorneys' fees and court costs, pursuant to the Texas Declaratory Judgments Act, the ADA, 42 U.S.C. §12133, and as allowed by Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and 42 U.S.C. §1988.

## REQUEST FOR DISCLOSURE

40. Pursuant to Rule 194, Defendant is are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(f), (i), and (l).

## PRAYER FOR RELIEF

Therefore, Plaintiff respectfully requests this Court to award him the following relief:

A.  A permanent injunction, requiring Defendants, their agents, servants, and employees, and all persons acting in concert with them, to eliminate all barriers described herein that prevent Plaintiff from having access to the services, facilities, privileges, advantages and accommodations Defendants offer at the School of Architecture; and enjoining Defendants from violating the ADA, Section 504, TABA, and TAS, and from discriminating against Plaintiff in violation of the law;

8

B.  A declaratory judgment that Defendants' physical barriers have prevented, and continue to prevent, Plaintiff from fully accessing the School of Architecture, in violation of the ADA, Section 504,TABA, and TAS;

C.  Permanently enjoin Defendants from failing and refusing to provide Plaintiff equal access to its facilities;

D.  Find that Plaintiff is the prevailing party in this action, and

E.  Grant such other and additional relief to which Plaintiff may be entitled.

Dated: July 26, 2010.

Respectfully submitted,


/s/ Joseph B. Berra
Joseph Berra
State Bar No. 24027144
James C. Harrington
State Bar No. 09048500
Wayne Krause
State Bar No. 24032644

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, Texas 78741-3438
   (512) 474-5073 [phone]
   (512) 474-0726 [fax]

ATTORNEYS FOR PLAINTIFF

9

No. _____

| | | |
|---|---|---|
| DAVID WITTIE, | § | IN DISTRICT COURT |
| Plaintiff | § | |
| v. | § | |
| | § | |
| UNIVERSITY OF TEXAS AT AUSTIN, | § | OF TRAVIS COUNTY |
| and FREDERICK STEINER, in his official | § | |
| capacity as DEAN OF THE SCHOOL OF | § | |
| ARCHITECTURE, | § | |
| Defendants | § | __ JUDICIAL DISTRICT |

## AFFIDAVIT OF INABILITY TO AFFORD COURT COSTS AND IOLTA CERTIFICATE - STATE OF TEXAS

The undersigned makes this affidavit in connection with the filing of the above numbered and entitled cause without filing security for costs in accordance with Rule 145 of the Texas Rules of Civil Procedure.

1.   **Basis for Indigency:**

I am unable to pay the court costs and costs of service of citation due to the facts set out below.

2.   **Employment information:**

I am unable to work because of permanent disability.

3.   **Income from sources other than employment:**

I receive $959.00 per month in SSDI benefits.  I have no other income.

4.   **Spouse's Income:**

I have no spouse.

5.   **Property:**

I own no property and have no interest in any property other than household furnishings, clothes, and personal effects.

6. **Bank Accounts**:

I have a checking account and savings account at Compass Bank. The checking account has $300 and the Savings account has $1.

7. **Dependents**:

I have no dependents.

8. **Debts**:

I have approximately $3000 in credit card debt.

9. **I have the following regular monthly expenses**:

| Type of Expense | Amount per month |
| --- | --- |
| Rent/Mortgage Payment | $ 206.00 |
| Electricity | $ 53.58 |
| Gas | $ 30.00 |
| Telephone | $ 100.00 |
| Food | $ 200.00 |
| Video Rental | $ 15.14 |
| Insurance | $ 7.45 |
| Out-of-pocket medical expenses | $ 15.00 |

10. **I am unable to pay the court costs**.

I verify that the statements made in this affidavit are true and correct.

Signed this the 20th day of July, 2010.



David Wittie

SUBSCRIBED and SWORN TO before me by David Wittie   this 20th day of July , 2010.

CHRISTOPHER L. ANDERSON
MY COMMISSION EXPIRES
August 20, 2012

Christopher L. Anderson
NOTARY PUBLIC, STATE OF TEXAS

## IOLTA CERTIFICATE UNDER RULE 145
## OF THE TEXAS RULES OF CIVIL PROCEDURE

Texas Civil Rights Project represents David Wittie. Texas Civil Rights Project provides free legal services, without contingency, because of the party's indigency and Texas Civil Rights Project is providing services either directly or by referral from a program funded by the Interest on Lawyers Trust Accounts (IOLTA) program. Texas Civil Rights Project, by the undersigned attorney, certifies that Texas Civil Rights Project is an IOLTA funded program and that Texas Civil Rights Project screened client for income eligibility under the IOLTA income guidelines.

Pursuant to Rule 145(c) "A party's affidavit of inability accompanied by an attorney's IOLTA certificate may not be contested."

Respectfully Submitted,
Texas Civil Rights Project

BY: Joseph Berra

Cause No. _____

| | | |
|---|---|---|
| DAVID WITTIE, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| v. | § | |
| | § | |
| THE UNIVERSITY OF TEXAS AT AUSTIN, | § | OF TRAVIS COUNTY, TEXAS |
| AND FREDERICK STEINER, in his official | § | |
| capacity AS DEAN OF THE SCHOOL OF | § | |
| ARCHITECTURE, | § | |
| Defendants | § | _____ JUDICIAL DISTRICT |

**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION, INTERROGATORIES
AND REQUESTS FOR ADMISSIONS
TO DEFENDANT UNIVERSITY OF TEXAS AT AUSTIN**

To:  The University of Texas at Austin, by and through the Office of the President at The
University of Texas at Austin, Main Building 400 (G3400), Austin, Texas 78713-8920.

Pursuant to Texas Rules of Civil Procedure 196, 197 & 198, Defendant The University

of Texas at Austin is hereby directed to respond to attached written Requests for Production,

Interrogatories, and Requests for Admission within fifty (50) days of receipt hereof, and with

documents indicated therein, serve upon undersigned counsel of record.

Dated: July 26, 2010

Respectfully submitted,

/s/ Joseph B. Berra
Joseph B. Berra
State Bar No. 24027144
James C. Harrington
State Bar No. 09048500
Wayne Krause
State Bar No. 24032644

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive.
Austin, Texas 78741-3438
   (512) 474-5073 [telephone]
   (512) 474-0726 [facsimile]

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I certify that, on July 26, 2010, a true copy of this document was filed with the Court to be delivered by constable to Office of the General Counsel, at 201 W. 7th Street, Austin, Texas, 78701.

/s/ Joseph B. Berra
Joseph B. Berra

DEFINITIONS

As used herein, the following words and terms shall mean and include:

(1) "PERSON" or "PERSONS" refers to natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, government entities and instrumentalities, or any other entity.

(2) "COMMUNICATION" or "COMMUNICATIONS" means a transfer of, or request for, information, written or oral, by any means whatsoever.

(3) "DEFENDANT," "YOU," "YOUR," and "The University" refer to the University of Texas at Austin and includes officers, employees, agents, servants, predecessors-in-office, successors-in-office, and any person or entity acting in concert or on behalf of said Defendant, now or in the past, whether specifically indicated or not.

(4) "DOCUMENTATION," "DOCUMENT" or "DOCUMENTS" include any item whether printed or recorded or reproduced by any other electronic or mechanical process or written or produced by hand: agreements, communications, reports, charges, complaints, correspondence, telegrams, memoranda, electronic mail, applications, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, schedules, charts, videos, audio or audio recordings, graphs, worksheets, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports or records of investigations or negotiations, opinions or reports of consultants, bills, statements, invoices, and all other writings of whatever nature, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, tape recordings, disks, data sheets or data processing cards, any marginal comments appearing on any document or thing, or any other written, recorded, transcribed, filed or graphic master, however produced or reproduced, to which Defendant or its agents, representatives, or attorney will have or have had access.

In the event any item requested is unavailable due to loss or destruction of documents, loss of memory, failure to keep documents, or otherwise, please identify the nature of the information, the last known person to have possession of the documents or information, the circumstances involved, and the date of each event.

(5) "IDENTIFY" or "IDENTITY OF" when referring:

(a) to a person, means to state his or her full name, present or last known business or residential street address, city, state, and phone number;

(b) to a public or private corporation, partnership, association or other organization, or to a governmental agency means to state its full name and present or last known pertinent business street address, city, state, and phone number;

(c) to a statement, means to identify who made it, who took or recorded it, and all others, if any, present during the making thereof; to state when, where, and how it was taken or recorded; and to identify who has present or last known possession, custody or control thereof;

(d) to a document, means to give reasonably detailed description thereof, including, if applicable: when, where, and how it was made; to identify who made it; and to identify who has present, or last known, possession, custody or control thereof; and

(e) to any other tangible thing, means to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody or control thereof.

(6) The terms "AND," "OR," "ANY," and "ALL" shall be construed conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope.

(7) "DESCRIBE IN DETAIL" and "STATE IN DETAIL" mean to give a complete and full description concerning the matter about which the inquiry is made, including to identify the person involved, along with dates, times, places, amounts, and other particulars that make the answer to the request for admission fair and meaningful.

(8) "RELATED TO," "RELATE TO," and "RELATING TO" means constituting, defining, containing, embodying, reflecting, identifying, discussing, concerning, stating, referring to, involving, evidencing, evaluation, criticizing, substantiating, dealing with, mentioning, or in any way pertaining to.

(9) "TAS" means Texas Accessibility Standards, as published by the Texas Department of Licensing and Regulation and adopted under Tex. Admin. Code Ann. § 68.100 (Vernon 2010).

(10) "CHAPTER 121" means Chapter 121 of the Texas Human Resources Code, located at Tex. Hum. Res. Code Ann. § 121 (Vernon 2002).

(11) "TABA" means Texas Architectural Barriers Act, located at Tex. Gov't Code §469 (Vernon 2010).

(12) "ADA" refers to Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134.

(13) "Section 504" refers to the Rehabilitation Act of 1973, 29 U.S.C. § 794.

(14) "RESTROOM" refers to the bathroom, toilet room, or lavatory at Goldsmith Hall.

3

(15) "SCHOOL OF ARCHITECTURE" refers to all the buildings housing the Architecture Department at the University of Texas at Austin, including Goldsmith Hall, Sutton Hall, West Mall Building, and Battle Hall.

(16) "PATIO" refers to the outside area of Goldsmith Hall located at the corner of Guadalupe St. and W. 22nd.

(17) "COURTYARD" refers to the Courtyard in Goldsmith Hall.

## INSTRUCTIONS – REQUESTS FOR PRODUCTION

All Requests for Production are subject to the following Instructions:

(1) The Requests for Production shall not be deemed to call for identical copies of documents. However, document with handwritten notes, editing marks, or any other mark that differentiates the document shall not be deemed identical to one without such modifications, additions or deletions.

(2) Each document produced pursuant to this Request for Production is to be identified in such production by the specific number of the Request for Production with respect to which it is produced.

(3) This Request for Production is a continuing document request. If, any time after your response and production pursuant to this Request, you learn of, or otherwise come into possession, custody or control of, additional documents called for by this Request, such documents are to be produced, and identified as set out in the preceding paragraph.

(4) None of the requests for production, interrogatories, or requests for admission seeks disclosure of matters protected by attorney-client privilege or Defendant's attorney's work product.

(5) Documents that are regularly maintained stapled, clipped, or otherwise physically attached to other documents are to be produced in their stapled, clipped or otherwise physically attached form.

(6) As used herein, the singular includes the plural number, and vice versa. The past tense includes the present tense, and vice versa, where the clear meaning is not distorted by change of tense.

(7) If an objection to any Request is made, the reason(s) shall be stated specifically as to each separate request.

(8) None of the requests for production seek disclosure of matters protected by attorney-client privilege or Defendant's attorney's work product.

4

## REQUESTS FOR PRODUCTION

<u>Request No. 1:</u>  All documents or other tangible things in the possession, custody, or control of Defendant which Defendant claims are relevant to the facts, claims, denials, defenses, or affirmative defenses alleged in this case.

<u>Response:</u>


<u>Request No. 2:</u>  All documents which were consulted or which relate to, refute or support Defendant's responses to Plaintiff's First Set of Interrogatories and Requests for Admission.

<u>Response:</u>


<u>Request No. 3:</u>  All documents showing or reflecting any effort to assess, evaluate, or achieve compliance with the TABA, ADA, Section 504, or any other disability law or regulation, including related regulations, regarding Goldsmith Hall.

<u>Response:</u>


<u>Request No. 4:</u>  All documents or other tangible things which Defendant expects to proffer as evidence at trial.

<u>Response:</u>


<u>Request No. 5:</u>  All documents related to Plaintiff, other than pleadings.

<u>Response:</u>


<u>Request No. 6:</u>  All documents sent to, or received from, any entity, since July 26, 2005 which relate to the treatment of people with disabilities by Defendant The University of Texas at Austin.  This request includes, but is not limited to, applications, citations, complaints, rules, regulations, guidelines, letters, notes, memoranda, or any other document.  This request also includes, but is not limited to, any formal or informal applications for licenses or licensing agreements with Defendant and all materials supporting such applications.

<u>Response:</u>


<u>Request No. 7:</u>  All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed, or prepared by or for Defendant's experts in anticipation of all testifying experts' testimony.

<u>Response:</u>

<u>Request No. 8:</u>   The current resume and bibliography of all of Defendant's experts.

<u>Response:</u>


<u>Request No. 9:</u>   All communications regarding all actions since 1970 Defendant has taken to assess and achieve compliance with TABA, the ADA or other laws, standards and regulations with respect to the elimination of architectural barriers and discriminatory practices towards clients who have disabilities, including physical disabilities.

<u>Response:</u>


<u>Request No. 10:</u>   All documents relating to Defendant's self-evaluation and transition plans, and written plans for purposes of achieving compliance with TABA, the ADA and all other disability laws, standards, and regulations.

<u>Response:</u>


<u>Request No. 11:</u>   All documents related to Defendant's diaries, memorandum, correspondence, or other writings, or videotapes and audiotapes not privileged that relate to Plaintiff or this lawsuit.

<u>Response:</u>


<u>Request No. 12:</u>   All documents reflecting any insurance agreement under which any person, entity or agency carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

<u>Response:</u>


<u>Request No. 13:</u>   Documents related to the current assets and liabilities of Defendant, including but not limited to those considered in making changes to the architectural barriers mentioned in Plaintiff's petition.

<u>Response:</u>


<u>Request No. 14:</u>   All documents identified or otherwise indicated in Defendant's responses to Plaintiff's request for admissions and interrogatories, if not already pursuant to the aforementioned requests for production.

Response:

Request No. 15:  The original and revised architectural, engineering, and construction plans, drawings, specifications, contracts, permits and all other documents which relate to the original construction of, and all subsequent modifications and planned modifications to Goldsmith Hall since January 1, 1970.   This Request includes, but is not limited to, plans, blueprints, memoranda, reports, summaries, and other documents reflecting cost estimates or costs incurred, whether prepared prior or subsequent to the initiation of construction or alterations.

Response:

Request No. 16:  The documents of plans submitted by any person or entity to the City of Austin or Travis County, and which relate to making any part of the School of Architecture and Goldsmith Hall accessible for persons with mobility disabilities.  NOTE: For the purpose of this Request for Production, "submitted" means delivered in any manner, and is not limited to a formal filing or application.

Response:

## INSTRUCTIONS – REQUEST FOR ADMISSIONS

If objection to any Request is made, the reason(s) shall be stated specifically as to each separate request.

(1) Each answer to each Request shall deny specifically the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

(2)  A denial shall fairly meet the substance of the requested admission; and, when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

(3)  An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that a reasonable inquiry has been made and that the information known or readily obtainable by the party is insufficient to allow an admission or denial.

(4)  None of the requests for admission seek disclosure of matters protected by attorney-client privilege or Defendant's attorney work product.

## REQUEST FOR ADMISSION

Request No. 1:  Admit that Defendant, at the time of filing of this lawsuit, had no written plan to further develop accommodations for people with disabilities at Goldsmith Hall.

Admit:_____          Denied:_____

Request No. 2: Admit that the School of Architecture does not have policies or procedures in place to ensure that proper accessible routes are maintained, as required by TAS.

Admit:_____          Deny:_____

Request No. 3:  Admit that, at the time of the filing of this lawsuit, the sign indicating that the men's bathroom in Goldsmith Hall is wheelchair accessible led to an inaccessible bathroom.

Admit:_____          Deny:_____

Request No. 4:  Admit that Defendant, as of the filing of this lawsuit, has not filed with TDLR or any other government entity any application for any agreement or permit related to bringing Goldsmith Hall into compliance with the TABA or the ADA.

Admit:_____          Deny:_____

Request No. 5:  Admit that Defendant has renovated, altered, or modified the School of Architecture and Goldsmith Hall since January 1, 1970.

Admit:_____          Deny:_____

Request No. 6:  Admit that Goldsmith Hall is a public facility within the meaning of TABA.

Admit:_____          Deny:_____

Request No. 7:  Admit that Goldsmith Hall is a place of public accommodation within the meaning of the ADA.

Admit:_____          Deny:_____

Request No. 8:  Admit that the ground surface in the Courtyard, which has ramps to allow access to people with wheelchairs, is an irregular surface having a texture that constitutes an obstacle or hazard for people with wheelchairs.

Admit:_____          Deny:_____

Request No. 9:  Admit that, as of the filing of this lawsuit, the patio area of Goldsmith hall is inaccessible to people with wheelchairs.

Admit:_____          Deny:_____

Request No. 10:  Admit that the patio area of Goldsmith Hall was used to house part of the student exhibit in July 2009.

Admit:_____          Deny:_____

8

Request No. 11:  Admit that, as of the filing of this lawsuit, the ramp leading from the inside of Goldsmith Hall to the Courtyard lands on cobblestone paving.

    Admit:_____             Deny:_____

Request No. 12:  Admit that, as of the filing of this lawsuit, the threshold at the door leading inside Goldsmith Hall from the Courtyard is higher than 1/2 inch.

    Admit:_____             Deny:_____

Request No. 13:  Admit that, as of the filing of this lawsuit, the sign indicating the accessible entrance to Goldsmith Hall constitutes of a silver wheelchair symbol engraved on a similarly colored and textured surface.

    Admit:_____             Deny:_____

Request No. 14:  Admit that, as of the filing of this lawsuit, there are no signs at the inaccessible entrances to Goldsmith Hall that indicate where the accessible entrance is located.

    Admit:_____             Deny:_____

Request No. 15:  Admit that, as of the filing of this lawsuit, the Courtyard path surrounding the fountain, which is located between two accessibility ramps, has changes in level between 1/4 and 1/2 inch that are not leveled.

    Admit:_____             Deny:_____

Request No. 16:  Admit that, as of the filing of this lawsuit, the Courtyard path surrounding the fountain, which is located between two accessibility ramps, has changes in level eater than 1/2 in are not accomplished by means of a TAS compliant ramp.

    Admit:_____             Deny:_____

## INSTRUCTIONS FOR INTERROGATORIES

    Under the Texas Rules of Civil Procedure, Defendant is hereby requested to answer fully, factually, in writing, and under oath each of the separate Interrogatories hereafter set out. Defendant is instructed that:

(1)  All Interrogatories must be answered fully in writing in accordance with Rule 197 of the Texas Rules of Civil Procedure.

(2)  All answers to Interrogatories must be signed by the party except that, if circumstances prevent a party from signing responses to Interrogatories, the attorney may file the Interrogatories without the party's signature if an affidavit is filed simultaneously stating that

properly executed responses to Interrogatories will be filed within twenty (20) days, unless time is extended by order of the Court.

(3)   In the event any question cannot be fully answered after the exercise of reasonable diligence, Defendant shall furnish as complete an answer as it can, explain in detail the reason why it cannot give a full answer, and state what is needed to be done in order to be in a position to answer fully and estimate when it will be in that position.

(4)   In the event a party fails to answer an interrogatory in full and offers an explanation, the opposing party shall respond to said explanation within ten (10) days after its receipt if the party disagrees with the same.

(5)   Each interrogatory shall be set forth immediately prior to the answer thereto.

(6)   Interrogatories must be answered separately, signed, and verified by the person making them; the answers must be delivered to the undersigned attorney of record for Plaintiffs within fifty (50) days of service hereof.

(7)   The Interrogatories should be answered in the spaces provided to the extent possible.  If additional space is needed, please use additional sheets.

(8)   In answering the Interrogatories, furnish all information available to Defendant including information in the possession of his attorney and all persons acting in its behalf.

(9)   These Interrogatories are deemed continuing so as to require supplemental answers if Defendant or its counsel obtains further information which will correct an answer previously given or change an answer previously given which is no longer true.

(10) If Defendant expects to call an expert witness whose name and the subject matter of said witness' testimony have not been previously disclosed in response to one of these Interrogatories, the answer must be supplemented and amended to include such information not less than (20) twenty days prior to trial, if not provided sooner.

<u>INTERROGATORIES</u>

<u>Interrogatory No. 1:</u>  Please identify each person who provided information or assisted in any way in answering these interrogatories, and as to each such person, please indicate the discovery request with respect to which he or she was involved.

ANSWER:

<u>Interrogatory No. 2:</u>  Please identify all person(s), if any, designated by Defendant to be responsible for compliance with TABA, the ADA, Section 504 and all other state, federal or local disability laws in the planning, construction, and/or renovation of the School of Architecture or in terms of providing accommodations for people with disabilities.  For each person so identified, please state the law(s) for which such person is responsible.  In identifying

each person pursuant to this interrogatory, please identify which person is the disability accessibility coordinator for the School of Architecture and/or Defendant.  If no such person exists, please indicate as such in your answer.

ANSWER:


Interrogatory No. 3:  Please describe in detail all actions Defendant has taken to assess and achieve compliance with the ADA with respect to the planning, construction, modification, and/or renovation of the School of Architecture and Goldsmith Hall, including any complaint/grievance procedures that provide for the submission and resolution of complaints regarding the School of Architecture and Goldsmith Hall.  Please identify all individuals responsible for handling grievances/complaints during the complaint/grievance process.

ANSWER:


Interrogatory No. 4:  Please identify and describe in detail Defendant's written plan of programs and activities for purposes of compliance with TABA with regard to School of Architecture and Goldsmith Hall, as well as the self-evaluation and transition plan for the ADA.

ANSWER:


Interrogatory No. 5:  Please identify and describe in detail document(s) Defendant has created outlining the necessary structural changes needed in order to comply with the TABA and the ADA with regard to Goldsmith Hall and the School of Architecture.  With respect to each description of each document, please include in your description, but do not limit your description to the following:   the full name, addresses, and phone numbers of all persons consulted; a description of the modifications and structural changes needed; and a description of policies and practices examined.

ANSWER:


Interrogatory No. 6:  Please identify and describe in detail all complaints of inaccessibility or discrimination within the past 5 years with regard to Goldsmith Hall and the School of Architecture, including the date the complaint was filed, the substance and nature of the complaint, the name, telephone number and address of person filing the complaint, and the final resolution of the complaint including any action taken to remedy the complaint of inaccessibility.

ANSWER:


Interrogatory No. 7:  Please identify and describe in detail those facts which you contend to support your defenses in this case.

ANSWER:

Interrogatory No. 8:  Please identify the full names, addresses and telephone numbers of the persons whom Defendant knows to have knowledge of facts related to its claim or defense in this lawsuit, and of persons who are expected to testify at trial on behalf of Defendant, and describe the issues and facts about which each person has knowledge.

ANSWER:


Interrogatory No. 9:  Please identify and describe in detail all construction, renovation, modifications or alterations to School of Architecture and Goldsmith Hall since January 1970 and identify the date for each such construction, modification, renovation or alteration.

ANSWER:

Interrogatory No. 10:  Please identify and describe in detail plans submitted to the Texas Department of Licensing and Regulation and all other governmental entities since January 1, 1970, which relate to making the School of Architecture and Goldsmith Hall accessible for persons with mobility disabilities.  Please include in your answer a specific description of such plans, including dates as to whom the plans were first conceived and when they are to be implemented and completed, as well as the identity of all persons with knowledge thereof. NOTE: For the purpose of this Interrogatory, "submitted" means delivered in any manner, and is not limited to a formal filing or application.

ANSWER:


Interrogatory No. 11:  Please identify and describe in detail all communications between Defendant, including agents and representatives and all persons or entities that relate to removal or alteration of the barriers of the School of Architecture and Goldsmith Hall and plans to bring the restaurant into compliance with TABA, ADA, Section 504 and all other applicable disability laws or regulations.

ANSWER:

VERIFICATION

STATE OF TEXAS                              §
                                           §
COUNTY OF TRAVIS                           §

BEFORE ME, the undersigned authority, on this day personally appeared_____

_____, known to me to be the person whose signature is affixed above, and upon

oath, stated that such person answered the foregoing Requests for Admission in the capacity

therein set out and that such responses are true, correct, and completed to the best of that

person's knowledge.

SWORN TO AND SUBSCRIBED before me by affiant on _____

_____, 2010.


_____

Notary Public, State of Texas


_____

(typed or printed name)


My Commission Expires:_____

13



# Amalia Rodriguez–Mendoza

### District Clerk, Travis County
### Travis County Courthouse Complex
### P. O. Box 679003
### Austin, Texas 78767

Date: November 3, 2008

TO: All attorneys of record in cases pending in Travis County District Court

NOTICE OF ENTRY OF NEW E-FILE MANDATE ORDER

The 2008 Court Order Regarding E-filing is effective as of November 1, 2008. You can view this order by selecting the link near the top of the following web page:

http://www.co.travis.tx.us/district_clerk/default.asp

If you have not yet established an e-filing account, please refer to Texas Online's eFiling Main Information at:

http://www.texasonline.com/portal/tol/en/info

We are asking that you establish your account as soon as possible, but a grace period through the end of the year has been implemented to allow you adequate time to make e-filing preparations.

If you have any questions regarding the e-filing process or the order's application to any of your pending cases, you may call 512-854-FILE (512-854-3453) for assistance.

Thank you.

Amalia Rodriguez-Mendoza
Travis County District Clerk

Travis County District Clerk's Office
Civil Division

| Administrative Offices | Civil and Family Division | Criminal Division | Jury Office |
|---|---|---|---|
| (512) 854-9737 | (512) 854-9457 | (512) 854-9420 | (512) 854-4295 |
| Fax: 854-4744 | Fax: 854-6610 | Fax: 854-4566 | Fax: 854-4457 |